IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**THADDEUS JARVIS**                                                                                       **PLAINTIFF**

**v.**                                                          **No. 4:24CV3-MPM-RP**

**BURL CAIN, ET AL.**                                                       **DEFENDANTS**

**ORDER *GRANTING* PLAINTIFF'S MOTION [26]
FOR CLERK'S ENTRY OF DEFAULT**

This matter comes before the court on the motion [26] by the plaintiff for the Clerk of the Court to enter default against defendant Richard Pennington. Under Fed. R. Civ. P. 55(a):

> When a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

Defendant Pennington was served with process under Fed. R. Civ. P. 4(e)(1), which states:

> Unless federal law provides otherwise, an individual – other than a minor, incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by … following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located or where service is made ….

Thus, federal courts look to state law for the proper procedure regarding serving a summons.

Mississippi Rule of Civil Procedure 4 governs serving process, and states, in relevant part:

> Any party defendant who is not an unmarried minor or mentally incompetent may, without filing any pleading therein, waive the service of process or enter his or her appearance, either or both, in any action, with the same effect as if he or she had been duly served with process, in the manner required by law on the day of the date thereof.

Miss. R. Civ. P. 4(e). In this case, Richard Pennington waived service of process on March 20, 2025, and the waiver was filed on April 7, 2025. Doc. 23.

Once a defendant has been served with process (or, as in this case, has waived service), the court must determine the deadline for the defendant to file a responsive pleading. Rule 4(d) establishes that deadline: "A defendant, who, before being served with process, timely returns a waiver need not serve an answer until 60 days *after the request was sent* …." Fed. R. Civ. P. 4(d)(3). The request for waiver was sent to defendant Pennington on March 20, 2025. The deadline to respond expired on May 19, 2025.

As reflected on the court's docket, defendant Pennington waived service of process – but has neither answered nor otherwise defended against the plaintiff's claims in the complaint. As such, The plaintiff's motion [26] for Clerk's Entry of Default is **GRANTED**. The Clerk of the Court is **DIRECTED** to enter **DEFAULT as to defendant Richard Pennington.**

*<u>If the Plaintiff wishes to seek default judgment against this defendant</u>, he must file a motion for default judgment with the court within 14 days of the date of this order. Failure to do so may result in the dismissal of these defendants from the case.*

**SO ORDERED**, this, the 17th day of September, 2025.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI